# IN THE COURT OF APPEALS OF IOWA

No. 23-0216
Filed March 5, 2025

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**SEAMUS MICKELL KAYE,**
        Defendant-Appellant.
_____
.

Appeal from the Iowa District Court for Marshall County, Bethany Currie,

Judge.


A criminal defendant appeals his sentence for first-degree theft, assault

causing bodily injury, and possession of a controlled substance. **AFFIRMED.**


Martha J. Lucey, State Appellate Defender, and Theresa R. Wilson,

Assistant Appellate Defender, for appellant.

Brenna Bird, Attorney General, and Linda J. Hines, Assistant Attorney

General, for appellee.


Considered by Chicchelly, P.J., Langholz, J., and Vogel, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2025).

**VOGEL, Senior Judge.**

After repeatedly punching a man in the face, stealing his backpack, and later possessing a controlled substance, Seamus Kaye pleaded guilty to first-degree theft, assault causing serious bodily injury, and possession of a controlled substance. He was sentenced to three concurrent terms of incarceration, totaling a maximum of ten years in prison. Kaye now appeals his sentence, arguing the court considered an improper factor—the initially charged offense of robbery—when crafting his sentence. He further argues the court abused its discretion by imposing incarceration rather than probation. Because we find the court did not consider any improper sentencing factors, nor did it abuse its discretion by imposing incarceration, we affirm.

I.     **Factual Background and Proceedings.**

In October 2021, Kaye punched a man several times in the face or head, causing the man to drop his backpack and suffer injuries. Kaye then walked off with the man's backpack. A few months later, in February 2022, Kaye possessed psilocybin, a controlled substance, despite two prior convictions for illegally possessing controlled substances. Based on these events, he was charged by trial information with second-degree robbery, a class "C" felony; assault causing bodily injury, a serious misdemeanor; and possession of a controlled substance, third offense, a class "C" felony. To resolve these charges, Kaye entered a plea agreement with the State, wherein the State reduced the robbery charge to first-degree theft and Kaye pleaded guilty to all charges.

During the sentencing hearing, Kaye's attorney argued that "[t]his is kind of the rare theft case where at least the theft count could have fit either a theft fifth or

a theft first." While acknowledging that "taking of property directly from someone's person" is "always concerning," he stressed that the prior relationship between Kaye and the victim, including the victim stealing money from Kaye's mother, was a mitigating factor. According to Kaye, assaulting the victim and taking the backpack—which ultimately contained items of limited value—was more about settling a score than trying to steal property. He therefore asserted the broader need for "protection of the community is somewhat diminished." With this reasoning, Kaye advocated for a suspended ten-year term of incarceration with probation to be served in a residential facility. The State, in turn, advocated for consecutive ten-year and five-year terms of incarceration.

The district court ultimately sentenced Kaye to three concurrent terms of incarceration totaling a maximum of ten years. When announcing the sentence, the court responded to Kaye's efforts to diminish the violent nature of his conduct: "I think that rather than focusing on the minimal value of the items taken, it's important to focus on the fact that this was basically a robbery." The court clarified "I'm not here to adjudge you guilty or not guilty of robbery," as "that's not what the charges are at this time." Still, "this was a big deal," and the court believed "it's not appropriate to minimize it," or try "to minimize it even further to a theft in the fifth degree let's say, because the assault is a major part of the action that took place." The court also emphasized Kaye's past criminal history, two prior stays in a residential facility, "what has and hasn't worked," and the need for rehabilitation.

Kaye now appeals his sentence.

## II. Sentencing Considerations.

Kaye first argues the district court improperly considered unproven conduct when it characterized Kaye's actions as "robbery." He asserts the distinction between robbery and first-degree theft is material—second-degree robbery is a forcible felony that carries a mandatory prison term, whereas first-degree theft allows probation. *See* Iowa Code §§ 702.11, 711.3, 714.2, 907.3 (2022). Because he believes the court considered the initial charge of robbery when crafting his sentence, Kaye requests resentencing.

"A sentencing court's decision to impose a specific sentence that falls within the statutory limits is cloaked with a strong presumption in its favor, and will only be overturned for an abuse of discretion or the consideration of inappropriate matters." *State v. Schooley*, 13 N.W.3d 608, 617 (Iowa 2024) (cleaned up). One way a court can exceed its broad sentencing discretion is by relying on unprosecuted or unproven offenses, "unless the defendant admits to the charges or there are facts presented to show the defendant committed the offenses." *State v. Formaro*, 638 N.W.2d 720, 725 (Iowa 2002). Yet is not enough to speculate on a sentencing court's motivations, and defendants must instead "show that the court was not just merely aware of the [inappropriate] factor, but that it relied on the factor in determining its sentence." *State v. McCollaugh*, 5 N.W.3d 620, 627 (Iowa 2024).

We will not infer an improper sentencing factor when it is not apparent from the record and the district court expressly clarifies that the factor is not part of its sentencing calculus. *See Formaro*, 638 N.W.2d at 725–26 (affirming sentence when district court responded to defendant's concerns of relying on unproven

conduct and "emphasized that [the defendant] was sentenced only for his conduct in the burglary conviction"). As in *Formaro*, so too here. While the court did refer to robbery when responding to Kaye's efforts to downplay the seriousness of his conduct, the court expressly clarified that it was "not here to adjudge [Kaye] guilty or not guilty of robbery," as "that's not what the charges are at this time." Viewing the court's statements in their full and proper context, we find the court did not rely on an initially charged offense. Rather, the court relied on a wide variety of appropriate considerations when crafting Kaye's sentence. We find no abuse of the court's discretion.

### III.    Incarceration.

Kaye next argues that the court abused its discretion by imposing terms incarceration rather than probation, especially after having spent nearly one year in the county jail. He reasons his prior relationship with the victim undermines any danger he might pose to the community as a whole. Further, the items stolen were of limited value, and the presentence investigation report recommended probation to be served in a residential treatment facility. Thus, he argues that the court abused its sentencing discretion by imposing incarceration.

When considering a sentence that falls within the permissible statutory bounds, our task is not to second-guess the court's judgment or reweigh the factors anew. *State v. Gordon*, 998 N.W.2d 859, 863 (Iowa 2023). Instead, we will only set a sentence aside if the court exercised its discretion based on clearly unreasonable or untenable grounds. *State v. Rasmussen*, 7 N.W.3d 357, 363 (Iowa 2024). Here, Kaye points to various factors he believes mitigate against incarceration. Yet the district court discussed factors that reasonably counseled

against probation, including that Kaye has twice participated in a residential program but continued to reoffend, his criminal history includes multiple violent offenses, the nature of these offenses, and the need for rehabilitation. Because these factors reasonably support Kaye's sentence, we find no abuse of the court's sentencing discretion.

**AFFIRMED.**